BDO USA, LLP v Stiles (2023 NY Slip Op 06432)

BDO USA, LLP v Stiles

2023 NY Slip Op 06432

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 652352/20 Appeal No. 1239-1240 Case No. 2023-02313, 2023-02347 

[*1]BDO USA, LLP, Plaintiff-Respondent,
v
James Andrew Stiles, Defendant-Appellant, Stephen Morris, Defendant. Case Nos.

Mancilla & Fantone, LLP, New York (Andrew L. Mancilla of counsel), for appellant.
McDermott Will & Emery LLP, New York (Michael Sheehan of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 8, 2023, which confirmed the findings in its interim order and granted plaintiff BDO USA, LLP's motion for a default judgment on its affirmative claims, struck defendant Stiles' answer and remaining counterclaim for defamation, and awarded BDO recovery of its costs, including attorneys' fees, related to the defense against the counterclaims Stiles had asserted, unanimously reversed, on the law and facts, without costs, the default judgment, the striking of the answer and defamation counterclaim, and the award of defense costs and fees vacated, and the answer and defamation counterclaim reinstated.
The court improvidently exercised its discretion in granting plaintiff's motion for a default judgment and sanctions based on its erroneous finding that the record established that defendant Stiles lied to the court in numerous submissions concerning when he commenced paid employment with a different employer and that he asserted counterclaims that he always knew were wholly without merit. At most, the record could allow for summary judgment rulings in favor of plaintiff on Stiles' claim as to the commencement of his employment and as to the defamation counterclaim's lack of merit, but it did not support the court's interim ruling that default and sanctions would be entered but held in abeyance pending Stiles' deposition or the entry of that ruling following the deposition at which he invoked the Fifth Amendment (see Maxim, Inc. v Feifer, 161 AD3d 551, 554 [1st Dept 2018]; LaRussa v LaRussa, 232 AD2d 297, 298 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023